IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JALON J. PITTMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. No. 06-4176-CV-C-NKL-P |
| ) | Crim. No. 03-04066-01-CR-C-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On May 27, 2005, Movant Jalon J. Pittman ("Pittman") was sentenced to 235 months imprisonment after pleading guilty to possession with intent to distribute cocaine base and cocaine, conspiracy to commit money laundering and conspiracy to distribute and possession with intent to distribute cocaine and cocaine base. Pending before the Court is Pittman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons stated below, Pittman's motion is denied.

**I.     Overview**

On June 1, 2005, the Court entered judgment on Pittman's guilty plea and sentence. On June 6, 2005, Pittman appealed. Two months later, on August 10, 2005, Pittman moved to dismiss his appeal. Included with his motion to dismiss was a letter from Pittman to his attorney, in which Pittman directed his attorney to dismiss the appeal and seek a meeting with the Government "so that [Pittman] may cooperate with them in the hope of receiving favorable consideration for a lesser sentence . . .." (Doc. 6, Attch.

1

1). The Eighth Circuit Court of Appeals granted Pittman's Motion to Dismiss on August 16, 2005 in accordance with Fed. R. App. P. 42(b). (Doc. 6, Attch. 3).

Pittman filed his 2255 Motion on August 14, 2006. He claims that he received ineffective assistance of counsel because his attorney coerced him into voluntarily withdrawing his appeal without receiving "consideration quid pro quo." (Mot. at 5).

**II.    Discussion**

    **A.    Pittman's Timeliness**

A one year period of limitation applies to motions filed pursuant to 28 U.S.C. § 2255. According to the statute:

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Government argues that Pittman's August 14, 2006 Motion was filed out of time because the judgment against him became final on June 11, 2005. (Sugg. in Opp. at 5). The Government also cautions the Court against finding that Pittman's Motion was

2

timely: "[G]ranting movant one year from the day he voluntarily dismissed his appeal would unnecessarily and without reason be expanding the one year limitation for the filing of his § 2255 motion: all that any (and all) movants would have to do to lengthen the time to file their post-conviction motion is to file an appeal, and then dismiss it at some later time." (Sugg. in Opp. at 6).

In this case, however, the specific issue upon which Pittman bases his Section 2255 Motion is that his attorney coerced him to voluntarily dismiss his appeal without "consideration quid pro quo." In other words, Pittman believes that he was fraudulently induced by his attorney to voluntarily dismiss his appeal. Assuming that Pittman was fraudulently promised some form of consideration in exchange for voluntarily dismissing his appeal, Pittman could not have discovered the fraud until after his appeal was dismissed and the consideration unrealized. Accordingly, the facts supporting the claim in Pittman's Section 2255 Motion could not have been discovered until sometime after August 16, 2005. Therefore, Pittman's August 14, 2006 Motion is timely pursuant to 28 U.S.C. § 2255(4).

### B. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, Pittman must show that his appellate counsel's performance was deficient and that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). In order to show deficient performance, Pittman "must show that counsel's representation fell below an objective

standard of reasonableness . . . under prevailing professional norms . . . considering all the circumstances." *Id*. at 688.

In a letter to his attorney dated July 20, 2005, Pittman wrote:

> Following my review of the letter from Assistant U.S. Attorney Anthony Gonzales, I have decided to dismiss my appeal in United States v. Jalon Pittman. After my discussions with you, I believe that it is in my best interests to cooperate with the Government in providing information to them about a number of unsolved crimes in which I have important information. I understand that by dismissing my appeal in this case, I cannot resume my appeal if I am unhappy with the results of the cooperation that I provide to the Government. . . . Please take these steps immediately.
>
> Once you have taken the steps to dismiss my appeal, please notify Assistant U.S. Attorney Gonzales that I would like to meet with him or his representatives so that I may cooperate with them in the hope of receiving favorable consideration for a lesser sentence from Judge Laughrey.

(Doc. 6, Attch. 1).

In his letter, Pittman communicates to his attorney that (1) he wants to dismiss his appeal and (2) he "hopes" for a lesser sentence in exchange for his cooperation. Nothing in the letter suggests that Pittman had been guaranteed a lesser sentence or coerced into dismissing his appeal. Furthermore, Pittman does not claim that his signing the July 20, 2005 letter was involuntary or done without his knowledge of its contents. Accordingly, Pittman has shown neither that he was coerced to dismiss his appeal nor that his attorney's performance was deficient. Even if he had shown that his attorney's performance was deficient, Pittman has not shown a reasonable probability that he was

4

prejudiced by his attorney's deficient performance.  Therefore, Pittman's ineffective assistance of counsel claim fails.

### III.     Conclusion

Accordingly, it is hereby ORDERED that

Pittman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  March 29, 2007
Jefferson City, Missouri